# Wytheville.

## MAX MEADOWS LAND AND IMPROVEMENT CO. *v.* McGAVOCK AND OTHERS.

### JUNE 28, 1900.

Absent, Riely and Harrison, JJ.*

1. CHANCERY PLEADING AND PRACTICE—*Case in Judgment—Lien on Purchase Price—How Enforced—Irregular Proceedings—Correct Results.*— Several joint owners of a tract of land sold and conveyed it to a purchaser, reserving a vendor's lien for balance of purchase money. Default having been made, they instituted suit for specific performance of the contract. At this stage of the proceedings, two of the vendors assigned and transferred to a trustee all their right and interest in the unpaid purchase money for said land, in trust to secure the payment of a debt, providing further in the deed that " if said contract is not specifically enforced by the court," then they "convey their interest in said land to the party of the second part." The contract was specifically enforced, the land sold in the suit brought for that purpose, and at such sale the original vendors became the purchasers. They paid no cash payment, but gave bonds without security for deferred payments. The court confirmed the sale, reciting that other suits were pending to subject the lands in the hands of the vendors, and that when sales were made in these suits the court would provide for payment of costs of suit and sale out of the funds then received. Accounts of liens had already been taken in these suits, and a sale was subsequently made, and, after providing for said costs, the court decreed the balance of the purchase money arising from the interests of the two vendors aforesaid to the trust creditor aforesaid.

*Held:* The trial court should have ordered the sale of the interests of the said two vendors for the purchase money due by them, and

---

*Judge Riely was prevented by sickness from attending this term.
Judge Harrison was connected with some of the parties.

so much of the proceeds of that sale as was equal to the purchase money due from them should have been appropriated to the payment of the trust creditor, but as what was actually done by the trial court accomplished substantially the same result, without prejudice to other creditors, its decree will not be reversed.

Appeal from a decree of the Circuit Court of Wythe county, pronounced at its February term, 1899, in seven chancery suits heard together.

*Affirmed.*

The opinion states the case.

*W. B. Kegley,* for the appellant.

*J. H. Fulton,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

It appears that prior to May 3, 1893, the heirs of Randall McGavock sold to C. M. Clark and associates a tract of about 262 acres of land, and conveyed it by their direction to one Denniston, securing the unpaid purchase money by a lien on the land. On May 3, 1893, J. C. and J. R. McGavock, two of the heirs of Randall McGavock, executed a deed of trust to W. E. Fulton, trustee, to secure the payment of a bond for $8,000, executed by them to Margaret McGavock, and to save harmless James H. McGavock, their surety on the bond. Amongst the property embraced in the trust, was the interest of the grantors in the purchase money due from Clark and associates. The language of the deed by which that interest was conveyed or assigned in trust is as follows:

"And the parties of the first part do further grant, transfer and assign to the party of the second part all their right and interest in and to the unpaid purchase money of a portion of said land sold to said C. M. Clark and his associates and, to have payment of which, suit is now pending in the Circuit

Court of Wythe county, to which reference is here made, and if said contract is not specifically enforced by the court, then the parties of the first part do hereby convey their interest in said land to the party of the second part."

The sale made to Clarke and associates was specifically enforced in the suit referred to, which is one of the seven causes heard together in which the decree complained of was entered. In that suit, the 262-acre tract of land was sold for the unpaid purchase money, and the heirs of Randall McGavock, the vendors of Clark and associates, became the purchasers at the price of $5,000. They did not pay the cash costs, but executed their bonds for the deferred payments. The commissioner reported the sale, and the court was of opinion that the sale, "notwithstanding the failure of the purchasers to pay the cash payment, should be confirmed, as it appears it will be necessary hereafter again to sell this land to satisfy the liens reported in these causes when a decree for costs and cash payment alluded to can be entered, if the same is not sooner paid"; and in the same decree, ordered that the lien reserved in the deed to Denniston be credited with the amount for which the land sold, less the costs of suit and sale.

Afterwards, the court directed that the land be partitioned between the heirs of Randall McGavock, and that the shares of J. R. McGavock, J. C. McGavock, H. E. McGavock, and Mrs. Lucy Kent be laid off contiguous to each other, which was done. By its decree confirming that partition, the court being of opinion that it was necessary to sell the interest of the four last-named parties in the land to satisfy the trust and judgment lien creditors of said parties in the order of the priority theretofore reported, ordered its commissioner, unless the said parties within thirty days paid their share of the cash costs of the former sale, their share of the money advanced by James H. McGavock to prevent a forfeiture of the 262-acre tract of land

for the non-payment of taxes therein and the unpaid liens reported against them, to sell the lands allotted them in the partition of the 262-acre tract. J. C., J. R., and H. E. McGavock did not pay the debts named, and Commissioner Fulton offered their interest or shares in the land for sale, and James H. McGavock became the purchaser at the price of $4,000. The sale was reported to and confirmed by the court.

By decree of February term, 1899, the court directed its commissioner to collect the two unpaid bonds executed by James H. McGavock to the commissioner for the deferred purchase price of the land sold him, and to apply the interest of J. C. McGavock and J. R. McGavock in the fund so collected to the payment, first, of any balance due on the judgment of W. B. Graham, reported in Class 2, in Commissioner Kegley's report; and, secondly, to the debt of Miss Margaret McGavock reported in Class 3.

This action of the court is assigned as error by the Max Meadows Land and Improvement Company, the appellant here, a judgment lien creditor of J. C. and J. R. McGavock. The objection made to the distribution by the court is that the sale of the 262-acre tract of land to Clark and associates having been specifically executed, the deed of trust executed by J. C. and J. R. McGavock to secure Miss Margaret McGavock created no lien on the land for the payment of her debt, but her lien was upon their interest in the purchase money bonds given for the land; and that she had the right, when that land was sold, to have applied to the payment of her debt the interest of J. C. and J. R. McGavock in the proceeds of that sale, but that instead of having this done she allowed the court to confirm the sale to them, and treat the purchase money, except the costs of the suit and sale, as paid by them; and that, inasmuch as those proceedings were had in causes to which Miss Margaret McGavock and James H. McGavock were parties, and without any objection on their part, they were precluded by those

decrees from treating the purchase money due from the Mc-
Gavock heirs as paid, and had lost their right to have the interest
of J. C. and J. R. McGavock therein applied to the payment of
the debt due Miss Margaret McGavock.

It is true that in some of the decrees of the court the purchase
price which the heirs of Randall McGavock agreed to give for
the land seems to be treated as paid, except as to the costs of
the suit and sale; but whilst this is done, the same decrees
declare that the 262-acre tract of land is liable for the liens
theretofore reported in the order of their priority, and its decree
for distribution ordered the interest of J. C. and J. R.
McGavock in the proceeds of the sale of their shares of the 262-
acre tract of land to be paid upon the liens against them accord-
ing to the priority as fixed by the reports of liens. What ought
to have been done, since there seems to have been no surety on
the bonds given by the heirs of Randall McGavock for the pur-
chase money of the 262-acre tract of land, was to have ordered
the sale of the interest of J. C. and J. R. McGavock in the
land for the purchase money due from them, as nothing could
have been recovered from them on their bonds by actions at
law within any reasonable time, if at all, as appears from the
record, and so much of the proceeds of that sale as was equal to
the purchase money due from them appropriated to the payment
of the debt of Miss Margaret McGavock. The court erred in
its mode of procedure. But the appellant, so far as the record
shows, has not been prejudiced by the error. It had no right
to subject J. C. and J. R. McGavock's interest in the 262-acre
tract of land to the payment of its lien until the purchase money
due from them, and which was a prior lien upon it, had been
paid. The court, by its decree for distribution, has applied the
interest of J. C. and J. R. McGavock in the proceeds of the
sale of the land to the payment of Miss Margaret McGavock's
debt, which was payable out of the purchase money which J. C.
and J. R. McGavock owed for it. This being so, the court, by

its irregular proceedings, has only done what it ought to, and would have done, if its proceedings had been regular; and, as no injustice has been done the appellant by such irregularity, the decree complained of will not be reversed on that account. *Beery* v. *Homan's Committee*, 8 Gratt. 48, 53-4; *Wilson* v. *Spencer*, 11 Leigh, 271, 281.

The action of the court in directing the unpaid balance on W. B. Graham's judgment to be paid before the appellant's debt, is also assigned as error.

Graham's was the oldest unpaid judgment lien, and his lien was general, extending to all the funds in the hands of the court upon which the appellant had a lien. Graham had the right to be paid first, and the court properly so decreed.

It follows from what has been said, that the decree complained of must be affirmed.

*Affirmed.*